**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CHRISTOPHER L. ZEMBOWER | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-16-2099 |
| STATE OF MARYLAND, | * | |
| ALLEGANY COUNTY MARYLAND, | | |
| PAUL J. KELLY, ESQ., and | * | |
| LISA M. ZEMBOWER | | |
| | * | |
| Defendants | | |

\*\*\*

## MEMORANDUM

The above-entitled complaint was filed on June 14, 2016, together with the full filing fee. For the reasons that follow the complaint must be dismissed.

Plaintiff captions the self-represented complaint as one filed pursuant to 42 U.S.C. §1983 and claims his constitutional rights under the First, Ninth, and Fourteenth Amendments were violated in the context of a domestic relations, child custody case decided in the Allegany County, Maryland Circuit Court.  ECF 1.  The two individual Defendants named are Plaintiff's ex-wife and her attorney whom he claims committed fraud and perjury during court proceedings that resulted in an increase in the amount of child support he is required to pay and a reduction in the amount of time he is permitted to spend with his child.  Plaintiff names the State of Maryland and Allegany County as Defendants because he claims the judge presiding over the case and the Department of Social Services caseworker who testified permitted the alleged misconduct to go unchecked.  As relief Plaintiff seeks unspecified monetary damages and an order vacating all orders of the Allegany County Circuit Court that were entered after a special master's hearing was held.  *Id.*

Because Plaintiff is neither a prisoner nor is he proceeding in forma pauperis,  the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A (2006) permitting sua sponte dismissal of complaints which fail to state a claim are inapplicable.  *See Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000); *Porter v. Fox*, 99 F.3d 271, 273 n.1 (8th Cir. 1996).  This Court, however, has the inherent authority to dismiss frivolous complaints even when the filing fee has been paid.  *See, e.g.*, *Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this statutory provision."); *Fitzgerald v. First E. Seventh St.*, 221 F.3d 362, 364 (2d Cir. 2000).  Additionally, this Court lacks subject matter jurisdiction over a frivolous claim making dismissal prior to service permissible.  *See Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181–83 (7th Cir. 1989); *Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1342–43 (9th Cir. 1981).

The instant complaint provides very few factual allegations, but it is clear the impetus for the complaint is Plaintiff's dissatisfaction with the outcome of a domestic relations case in state court.  The two individually named Defendants, Paul Kelly and Lisa Zembower, are private citizens and their participation in state litigation does not constitute state action, a required element of a constitutional claim raised pursuant to 42 U.S.C. §1983.  *See DeBauche v. Trani*, 191 F.3d 499, 507 (4th Cir. 1999) (private conduct may be deemed state action if an act that would be unconstitutional if committed by state actor is coerced by the state; the state has delegated a constitutional duty to the private actor; a traditionally public function has been delegated to the private actor; or the state commits an unconstitutional act in the course of enforcing a right of a private citizen).  Nothing in the instant complaint suggests that Plaintiff's

ex-wife or her attorney have acted on behalf of the state or have otherwise performed acts which should be attributed to the State.

The claims against the remaining Defendants appear to be based on conduct which is immune from suit.  Judges have absolute immunity from civil liability for the decisions made in the course of state court litigation.  "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."  *Forrester v. White*, 484 U.S. 219, 226-27 (1988).  In addition, there are no factual allegations in the complaint to suggest there is a policy or custom in place through the Allegany County Department of Social Services the effect of which is to deprive citizens of a protected constitutional right.  Plaintiff's claim in this regard is vague at best. The State of Maryland is also immune from suit under the Eleventh Amendment and is not a "person" within the meaning of 42 U.S.C. §1983.

This Court does not have jurisdiction to consider the merits of a child custody or domestic relations case, nor may this Court revisit the merits of the orders entered in the context of such a case.  *See Raftery v. Scott*, 756 F.2d 335, 343 (4th Cir. 1985) (domestic relations exception to federal courts' jurisdiction based on idea that state has a stronger more direct interest); *Wasserman v. Wasserman*, 671 F.2d 832 (4th Cir. 1982) (diversity jurisdiction does not include power to grant divorces, determine alimony or support obligations, or decide child custody rights).

Plaintiff's allegations are more appropriately addressed through appellate review of the underlying state proceedings.  An attempt to file what amounts to an appeal of a state court decision is subject to federal abstention under the *Rooker-Feldman*[1] doctrine.  "Under the

[1] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, (1983); *Rooker v.  Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

3

*Rooker-Feldman* [abstention] doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *Am. Reliable Ins. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).  The *Rooker-Feldman* doctrine is jurisdictional *Am. Reliable Ins. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) and, as such, this Court is free to raise it *sua sponte*.  *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 197 n.5 (4th Cir. 1997).

By separate Order which follows, the complaint shall be dismissed.

_June 21, 2016_____                        _____/s/_____
Date                                                             RICHARD D. BENNETT
                                                                   UNITED STATES DISTRICT JUDGE